IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THOMAS EUGENE MOORE, | ) | No. C 12-1759 LHK (PR) |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| v. | ) | |
| D. BRAD CAMPBELL, | ) | |
| Defendants. | ) | |

Plaintiff, proceeding *pro se*, filed a second amended civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff's motions for leave to proceed in forma pauperis are granted in a separate order. Plaintiff's motions for leave to file a first and second amended complaint are GRANTED. For the reasons stated below, Plaintiff's second amended complaint ("SAC") is DISMISSED.

**BACKGROUND**

In 2000, Plaintiff was convicted after a jury trial in Sacramento Superior Court of robbery. (SAC, Ex. D1-D2.) Plaintiff was sentenced to a term of 40 years to life in state prison. (*Id.* at 8.) On October 15, 2010, Plaintiff filed a state habeas petition, alleging that the trial court judge, Judge Mulkey, had no authority to preside over Petitioner's trial because, at the time of trial, Judge Mulkey did not have a current Oath of Office on file with the Secretary of the State.

1  On April 14, 2011, the Superior Court denied Plaintiff's habeas petition.

2  On April 10, 2012, Plaintiff filed the underlying federal civil rights action.

## DISCUSSION

A. <u>Standard of Review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B. <u>Legal Claims</u>

Plaintiff names as Defendants: D. Brad Campbell, the Judicial Council of California, the Administrative Office of the Courts, California Supreme Court Justice George, the State of California, Sacramento County District Attorney Jan Scully, Assistant Chief Deputy District Attorney Albert Locher, legal research assistant Teri Ann Grimes, and the County of Sacramento. The gist of Plaintiff's complaint is that the Defendants "conspired" together by forging false documents, which were used as exhibits in the Respondent's answer to Plaintiff's state habeas petition. (SAC, Ex. D11-D15.) Because of Defendants, alleges Plaintiff, his state habeas petition was denied. Plaintiff claims that this "conspiracy" constituted cruel and unusual punishment, retaliation, and denied him meaningful access to the courts. Plaintiff further alleges that Defendants retaliated against him and caused cruel and unusual punishment during Plaintiff's criminal trial by allowing Judge Mulkey to preside, and by filing an untimely information that alleged that Plaintiff was a Three-Striker. (SAC at 8.)

Order of Dismissal
G:\PRO-SE\SJ.LHK\CR.12\Moore759habftsc.wpd    2

1   "'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 131 S. Ct. 1289, 1293 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)). "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" *Skinner*, 131 S. Ct. at 1293 (quoting *Wilkinson*, 544 U.S. at 82). As a consequence, challenges to prison conditions have traditionally been cognizable only via § 1983, while challenges implicating the fact or duration of confinement must be brought through a habeas petition. *Docken v. Chase*, 393 F.3d 1024, 1026 (9th Cir. 2004).

Here, Plaintiff is not challenging the conditions of his confinement. In essence, he is attacking the lawfulness of his confinement altogether. His overall argument is that the trial court had no power to preside over his criminal trial. In other words, if the trial judge was without authority to preside, then Plaintiff's conviction becomes invalid. Plaintiff's arguments in his SAC can be separated into two separate time periods. First, he claims that Defendants wrongly permitted Judge Mulkey to preside over his trial, and Defendants filed a late information. Second, he claims that Defendants fabricated exhibits in their answer to Plaintiff's state habeas petition, causing the Superior Court to deny his petition. Because Plaintiff's claims, if successful, could affect the duration of his custody, and the determination of the claims could result in entitlement to an earlier release, these claims must be brought in habeas. *See Ramirez v. Galaza*, 334 F.3d 850, 858-59 (9th Cir. 2003) (implying that claim, which if successful would "necessarily" or "likely" accelerate the prisoner's release on parole, must be brought in a habeas petition). Accordingly, this action is DISMISSED without prejudice to Plaintiff's re-filing as a petition for habeas corpus pursuant to 28 U.S.C. § 2254.

The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: 7/31/12

_____
LUCY H. KOH
United States District Judge

Order of Dismissal
G:\PRO-SE\SJ.LHK\CR.12\Moore759habftsc.wpd     4